**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Nasim S. Tourkaman, SBN 300933
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (*erroneously sued* as *UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; and U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MIHAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY; GREATER SACRAMENTO OTOLARYNGOLOGY SOCIETY,<br><br>    Defendants,<br>_____/ | CASE NO.  2:16-cv-01390-KJM-CMK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**DATE:   09/23/2016**<br>**TIME:   10:00 a.m.**<br>**CTRM:   3 – 15th Floor**<br><br>Complaint Filed:     06/21/2016 |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

NOTICE IS HEREBY GIVEN that on **September 23, 2016,** at **10:00 a.m.,** in **Courtroom 3** of the U.S. District Court of California, located at 501 I Street, Sacramento, California, Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA *(erroneously sued as* UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC

{01589931.DOCX}                                                  1
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

AND RECONSTRUCTIVE SURGERY CENTER; and U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY), by and through its attorneys of record, will and hereby do move this Court to dismiss the following claims on the following grounds pursuant to F.R.C.P., Rule 12(b)(6):

1. In her Complaint, Plaintiff named the Regents of the University of California; University of California, Davis; University of California Davis Plastic and Reconstructive Surgery Center; and UC Davis Health System Department of Otolaryngology. The only proper Defendant is the Regents of the University of California. Therefore, Plaintiff's claims for relief should be dismissed as to University of California, Davis; University of California Davis Plastic and Reconstructive Surgery Center; and UC Davis Health System Department of Otolaryngology.

2. The first claim for relief for violations under the Americans with Disabilities Act of 1990 ("ADA") alleges wrongdoing pursuant to title III of the ADA. Specifically, Plaintiff cites to 42 U.S.C. sections 12182(a) and 12182(b)(2)(A)(iii). Title III and those code sections are only applicable to private entities. Plaintiff cannot make a claim for relief pursuant to title III of the ADA against the Regents of California, a public entity pursuant to California Government Code section 811.2. Therefore, Plaintiff cannot support a claim for relief pursuant to title III against Defendant.

3. Plaintiff sees damages and injunctive relief for her third and fourth claims. Her third claim for relief is for violations of the Unruh Civil Rights Act ("Unruh Act") and her fourth is for violations of California's Disabled Persons Act ("CDPA"). Thus, Plaintiff's third and fourth claims for relief are made pursuant to state law. The Eleventh Amendment, however, bar suits against the State for recovery of damages or injunctive relief under state law in federal court. The Regents is considered the "alter ego" of the State of California for Eleventh Amendment purposes. (*Vaughn v. Regents of University of Cal.*, 504 F. Supp. 1349, 1353 (E.D. Cal. 1981).) Thus, Plaintiff's third and fourth claims for relief for violations of state law cannot be brought against the Regents in this court and must be dismissed.

4. Carl L. Fessenden's Declaration in support of this Motion to Dismiss certifies that meet and confer efforts have been exhausted.

5. After an initial extension to file a response to the Complaint, the response was due August 1, 2016. Defense counsel, however, noticed the deficiencies in Plaintiff's Complaint and attempted to meet and confer with Plaintiff's counsel, Scottlynn Hubbard. Upon calling Plaintiff's counsel's office, Defense counsel learned that Plaintiff's counsel was out of the office the week of July 25, 2016. Defense counsel worked with Plaintiff's counsel's paralegal, Kaina Schukei, to obtain an extension to respond to the Complaint to allow for time to meet and confer with Plaintiff's counsel regarding the deficiencies. On July 27, 2016, a stipulation, signed by both Plaintiff's counsel and Defense counsel, along with an application for an extension to respond to the Complaint was filed with the Court. The Court granted the extension to respond to August 15, 2016. Plaintiff's counsel was supposed to contact Defense counsel upon his return. When this did not occur, Defense counsel made attempts to contact Plaintiff's counsel via telephone on August 10, 11, and 12. None of these telephone calls were returned. Thus, Defense counsel made a good faith attempt to avoid filing of this Motion via meet and confer with Plaintiff's counsel to discuss the deficiencies in the Complaint.

This Motion to Dismiss is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Carl L. Fessenden, the entire court file and any other pleadings, evidence or legal arguments that may be presented at the time of the hearing.

Dated: August 15, 2016         PORTER SCOTT
                               A PROFESSIONAL CORPORATION


                               By: /s/Carl L. Fessenden
                                   Carl L. Fessenden (161494)
                                   Attorneys for Defendant
                                   THE REGENTS OF THE UNIVERSITY OF CA

{01589931.DOCX}                              3
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**