**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Nasim S. Tourkaman, SBN 300933
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (*erroneously sued* as *UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; and U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MIHAN,<br><br>        Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY; GREATER SACRAMENTO OTOLARYNGOLOGY SOCIETY,<br><br>        Defendants,<br>_____/ | CASE NO.  2:16-cv-01390-KJM-CMK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**DATE:   09/23/2016**<br>**TIME:   10:00 a.m.**<br>**CTRM:   3 – 15th Floor**<br><br>Complaint Filed:     06/21/2016 |

Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA *(erroneously sued as* UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; and U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY) submits the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint of Plaintiff.

{01589937.DOCX}                                           1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

# I.

# INTRODUCTION

Plaintiff KIM MIHAN ("Plaintiff") alleges four claims for relief against Defendant including violations of 1) Americans with Disabilities Act of 1990 ("ADA"); 2) Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"); 3) Unruh Civil Rights Act ("Unruh Act"); and 4) California's Disabled Persons Act ("CDPA").

Plaintiff's claims are defective in the following respects. First, Plaintiff's Complaint is defective as to the named parties. In addition to the Regents of the University of California, the Complaint names University of California, Davis; University of California Davis Plastic and Reconstructive Surgery Center; and UC Davis Health System Department of Otolaryngology as Defendants. However, the Regents of the University of California is the only proper Defendant.

Plaintiff's Complaint is also defective with respect to specific claims for relief alleged. Plaintiff's first claim for relief for violation of the ADA cites to title III of the ADA and 42 U.S.C. sections 12182(a) and 12182(b)(2)(A)(iii). Title III and those specific sections are only applicable to public accommodations and services by private entities. Pursuant to California Government Code section 811.2, the Regents is a public entity. Thus, only title II of the ADA is applicable to the Regents. Plaintiff cannot claim title III violations against the Regents.

Plaintiff's third and fourth claims for relief allege violations of state laws. In her third claim for relief, Plaintiff seeks damages and injunctive relief for violation of the Unruh Act under Civil Code section 52. In her fourth claim for relief, Plaintiff seeks damages and injunctive relief for violation of California's Disabled Persons Act. The Eleventh Amendment, however, bars suits in federal court by its own citizens against non-consenting states or their agencies. Eleventh Amendment immunity prevents plaintiffs from bringing state law damages claims against the state in federal court. It also prevents federal courts from enjoining state officers from violating state law. The sovereign immunity afforded by the Eleventh Amendment is applicable to the Regents. Therefore, Plaintiff is barred from bringing her two state law claims against the Regents in this Court.

///

## II.

## STATEMENT OF FACTS

Plaintiff received medical treatment at the University of California, Davis Department of Otolaryngology. At issue are the events which occurred on the day of Plaintiff's surgery on May 27, 2015. Plaintiff is hearing impaired and although she is able to read lips and has a cochlear implant, she reports that these are not the most effective forms of communication for her. Plaintiff's Complaint alleges that she requested an ASL interpreter to be present on the day of her scheduled surgical procedure. Plaintiff claims that an interpreter was not provided to her at all times prior to and after her surgery. As a result, Plaintiff claims that her ability to use and enjoy the goods, services, privileges, and accommodations at the hospital on the day of the surgery were either interfered with or outright denied.

## III.

## LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS

Courts should grant Federal Rule of Civil Procedure 12(b)(6) dismissal relief where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." (*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) [the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief]; *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) [under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct].) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id*. at 678.) Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id*.) The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. (*Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991).) The courts may, however, consider material properly submitted as part of the complaint. (*Hal Roach Studios, Inc. v. Richard*

*Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).)

## IV.

## LEGAL ARGUMENT

**A.    PLAINTIFF'S CLAIMS FOR RELIEF SHOULD BE DISMISSED AS TO DEFENDANTS UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; and U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY.**

In her Complaint, Plaintiff named the Regents of the University of California; University of California, Davis; University of California Davis Plastic and Reconstructive Surgery Center; and UC Davis Health System Department of Otolaryngology. The only proper Defendant is the Regents of the University of California. None of those entities are separate legal entities. All are part of the REGENTS OF THE UNIVERSITY OF CALIFORNIA, which is a separate legal entity. (*See* Cal. Const. Art. IX, § 9.) Therefore, Plaintiff's Complaint should be dismissed as to University of California, Davis; University of California Davis Plastic and Reconstructive Surgery Center; and UC Davis Health System Department of Otolaryngology.

**B.    PLAINTIFF'S FIRST CLAIM FOR RELIEF SHOULD BE DISMISSED TO THE EXTENT THAT IT CLAIMS VIOLATIONS UNDER TITLE III OF THE ADA.**

Plaintiff first claim for relief alleges the Regents violated the ADA. She claims denial of public services, denial of "full and equal" enjoyment and use, and failure to provide auxiliary aids and services. Plaintiff relies on title III of the ADA to support her claim for relief due to denial of "full and equal" enjoyment and use and specifically cites to 42 U.S.C. section 12182(a). Plaintiff continues to rely on title III to support her ADA claim with respect to the section pertaining to failure to provider auxiliary aids and services and specifically cites to 42 U.S.C. section 12182(b)(2)(A)(iii). However, the obligations of title III only extend to private entities. State and local government entities are public entities covered by title II of the ADA, not by title III. The Regents is a public entity. (Cal. Gov't Code § 811.2.) Therefore, Plaintiff cannot allege violations of title III of the ADA against the Regents and Plaintiff's first claim for relief should be dismissed.

///

///

{01589937.DOCX}                                                       4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### C. PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF PURSUANT TO STATE LAW ARE BARRED BECAUSE DEFENDANT IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

The Eleventh Amendment provides that 'the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. (U.S. Const. amend. XI.) Courts have interpreted it to bar suits in federal court against non-consenting states brought by citizens of that state or another. (*Alaska Cargo Transp. v. Alaska R.R. Corp.*, 5 F.3d 378, 379 (9th Cir. 1993).)

The majority of federal courts which have considered the "alter ego" relationship of a state university to its state have concluded that a suit against the university is a suit against the state for purposes of the Eleventh Amendment. *See, e. g.*, *Perez v. Rodriguez*, 575 F.2d 21 (1st Cir. 1978); *Jagnandan v. Giles*, 538 F.2d 1166 (5th Cir. 1976); *Long v. Richardson*, 525 F.2d 74 (6th Cir. 1975); *Thonen v. Jenkins*, 517 F.2d 3 (4th Cir. 1975); *Brennan v. University of Kansas*, 451 F.2d 1287 (10th Cir. 1971); *Williams v. Eaton*, 443 F.2d 422 (10th Cir. 1971); *Walstad v. University of Minnesota Hosps.*, 442 F.2d 634 (8th Cir. 1971); *Weisbord v. Michigan State University*, 495 F.Supp. 1347 (W.D.Mich.1980); *An-Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137 (W.D.Mich.1980); *Zentgraf v. Texas A & M University*, 492 F.Supp. 265 (S.D.Tex.1980).

This Court evaluated whether the Regents can be considered the alter ego of the State of California for the purposes of Eleventh Amendment immunity in *Vaughn v. Regents of University of Cal.*, 504 F. Supp. 1349, 1353 (E.D. Cal. 1981). Three factors compelled a conclusion in the affirmative. (*Id*.) First, the members of the Board of Regents of the University are appointed by the Governor and approved by the Senate. (*Id*.) As such, the State retains a measure of control over the governing body of the University. (*Id*.) Second, the Regents performs the essential governmental function of providing the citizens of the State with higher education. (*Id*.) Last, any judgment obtained by plaintiffs against the Regents will have to be paid out of the state treasury or other sources of state funds. (*Id*.) In finding that the State is the real party in interest in a case in which the Regents was named as a Defendant, this court concluded that the Regents and the individual defendants sued in their official capacities are entitled to invoke Eleventh Amendment

immunity. (*Id*. at 1354.)

Here, Plaintiff's third and fourth claims for relief arise under alleged violations of California state law. Plaintiff's third claim for relief is brought pursuant to the Unruh Civil Rights Act found in California Civil Code and her fourth claim for relief is brought pursuant to California's Disabled Persons Act. She requests both damages and injunctive relief for the alleged violations. Plaintiff is seeking injunctive relief and damages for state law claims in federal court. However, as to the Regents, she is barred from doing so because Eleventh Amendment sovereign immunity extends to the Regents. As a result, both of Plaintiff's state law claims should be dismissed from this action.

## V.

## **CONCLUSION**

The Regents of the University of California respectfully requests this Court dismiss Plaintiff's claims on the grounds set forth above.

Dated:  August 15, 2016　　　　　　　　PORTER SCOTT
　　　　　　　　　　　　　　　　　　　A PROFESSIONAL CORPORATION


　　　　　　　　　　　　　　　　　　　By: /s/Carl L. Fessenden
　　　　　　　　　　　　　　　　　　　　　Carl L. Fessenden (161494)
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　THE REGENTS OF THE UNIVERSITY OF CA