**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Nasim S. Tourkaman, SBN 300933
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (*erroneously sued* as *UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; and U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MIHAN, | CASE NO. 2:16-cv-01390-KJM-CMK |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Complaint Filed: 06/21/2016 |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY; GREATER SACRAMENTO OTOLARYNGOLOGY SOCIETY, | |
| Defendants, | |

The parties believe that discovery will involve production of documents, containing or concerning confidential or other private information which otherwise may be deemed "Confidential," including documents that may be protected by the Health Insurance Portability and Accountability Act.

In light of these confidentiality concerns, the parties mutually wish to establish procedures that will be fair to each of them and will protect the confidentiality of the documents.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between Plaintiff KIM MIHAN ("Plaintiff") and Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant"), by and through their attorneys of record:

1. This Confidentiality Order ("Order") shall govern the designation and handling of documents, records, and discovery responses, containing or concerning confidential and/or personal private information, including but not limited to medical records, medical bills and/or other financial information pertaining to medical and billing services with respect to Plaintiff.

2. There is a need for protection of the categories of information listed above because the parties need to exchange what is believed to be "Confidential" or private documents in order to assess the claims being made in this action. This matter involves claims that Defendant failed to provide medical interpretive services to Plaintiff at all times prior to and after her surgery at Defendant's Department of Otolaryngology. To assess that, the parties must review medical records and billing information. Due to privacy/confidentiality concerns, the parties wish to enter into this Stipulation and Order to protect the documents each side will produce that are confidential and/or private.

3. Should the parties disagree as to the designation of documents or testimony as "Confidential," the parties will be able to request that the Court resolve such dispute, pursuant to paragraph 11, herein.

4. With respect to any confidential information or documents within the scope of paragraph 1 and 2 above, the person or entity producing the documents or information may designate, prior to or at the time of production of documents or disclosure of other discovery material, or after the production of such documents or other discovery material, all or any portion of such material, documents or information as "Confidential" by designating in writing to other parties the documents claimed to be "Confidential."

5. A party may designate as "Confidential" any information that the party in good faith believes constitutes confidential information subject to a legally protected right of privacy or otherwise considered confidential under the law.

///

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

6. Unless otherwise ordered by the Court, all "Confidential" information will be held by the receiving party solely for the use in connection with this litigation and will be maintained and disclosed only in accordance with this Order. Experts referred to in paragraph 8(d) who have complied with the requirements of paragraph 9 hereof may review and retain certain documents and other "Confidential" information for purposes of study, analysis, and preparation in connection with the case.

7. Except with prior written consent of the party designating the information as "Confidential", or upon prior order of this Court obtained upon notice to counsel for all parties, "Confidential" information shall not be disclosed by any party to any person other than:

  a) counsel for the respective parties to this litigation;

  b) employees of each such law firm;

  c) any named party;

  d) experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

"Confidential" documents may be shown to any person listed in sub paragraph d) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification"). A party that has produced particular "Confidential" documents (as opposed to a party that has received the "Confidential" documents) may, however, disclose such "Confidential" documents to any person or entity, with or without any conditions to such disclosure, as the party deems appropriate.

8. Counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 7. These Certifications need not be disclosed to the opposing parties absent further order by the Court.

9. Any person receiving "Confidential" information shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

///

10.     In the event that counsel for any party determines to file with or submit to the Court (a) any "Confidential" material, or information derived therefrom, or (b) any papers containing or making reference to such information, such counsel shall provide written notice to the counsel for the opposing party five (5) court days prior to the date such counsel intends to submit any such information to the Court. Such written notice shall identify the specific bates-numbered pages of the "Confidential" material (or information derived therefrom or reference made thereto) that the party intends to submit to the Court. Such written notice is intended to allow either party to seek a ruling from the Court that such information shall be filed under seal. Such information shall not be filed with the Court until the Court has ruled on the opposing party's request for an order that such information shall be filed under seal.

11.     The parties shall not be obligated to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects at any stage of these proceedings to the propriety of a designation by a party of any information as "Confidential," the parties shall attempt first to dispose of the dispute in good faith on an informal basis. If the dispute cannot be resolved, any party may seek appropriate relief from the Court, and the party claiming the documents are confidential shall have the burden of proving that the information is, in fact, confidential under applicable law. The parties must meet and confer before seeking the Court's involvement. The parties may not make any unauthorized disclosure of any information designated as "Confidential" unless and until the Court has ruled that the challenge information is not subject to the restrictions of this Order.

12.     All provisions of this Order restricting the communication or use of "Confidential" information shall continue to be binding after the concluding of this action unless subsequently modified by the agreement between the parties or under the Court.

13.     Within ninety (90) days after the final termination of this action, including all appeals, any and all "Confidential" information and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and a certificate to that effect shall be provided to the party that

produced the material. However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel subject to the terms of this Order.

14. Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange or use of any document, testimony, interrogatory, response or other information produced, given or exchanged in the course of pretrial discovery in this action.

15. This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing herein shall be deemed to waive any applicable privilege or to be construed as an acknowledgement of the applicability of any privilege.

16. All persons bound by this Order are hereby notified that if this Order is in any manner violated, they will be subject to an Order from the Court, which may include, in the Court's discretion, an award of sanctions. The terms and conditions of this Order shall remain in full force and effect until further order of this Court or a Court of competent jurisdiction and shall not cease to be in effect because this litigation is finally adjudicated. The Court shall retain jurisdiction over this matter after entry of final judgment to enforce the terms of this Order.

17. The inadvertent failure of any party to designate as "Confidential" any document produced in the course of regular discovery in this action shall not constitute a waiver of that party's right to assert later that such document is "Confidential."

18. The court retains jurisdiction to make such amendments, modifications and additions to this order as it may deem appropriate.

**IT IS SO STIPULATED.**

Dated: October 12, 2016                    PORTER SCOTT
                                           A PROFESSIONAL CORPORATION

                                           By:  /s/Nasim S. Tourkaman
                                                Carl L. Fessenden
                                                Nasim S. Tourkaman
                                                Attorneys for Defendant
                                                THE REGENTS OF THE UNIVERSITY OF CA

{01603682.DOCX}                                 5
STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

Dated:  October 12, 2016                    DISABLED ADVOCACY GROUP, APLC


By:  /s/Stephanie Ross (*authorized 10/07/16*)
       Stephanie Ross
       Attorney for Plaintiff KIM MIHAN

**IT IS SO ORDERED.**

**Dated:  October 12, 2016**

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706