UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MIHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, DAVIS; UNIVERSITY OF CALIFORNIA DAVIS PLASTIC AND RECONSTRUCTIVE SURGERY CENTER; U.C. DAVIS HEALTH SYSTEM DEPARTMENT OF OTOLARYNGOLOGY; GREATER SACRAMENTO OTOLARYNGOLOGY SOCIETY,<br><br>        Defendants. | No. 2:16-cv-01390-KJM-CMK<br><br><br>ORDER |

This matter is before the court on a motion to dismiss by the Regents of the University of California ("the Regents"). Case No. 2:16-cv-01390, Mot. to Dismiss, ECF No. 13. Plaintiff Kim Mihan opposes the motion. Opp'n, ECF No. 14. The court held a hearing on the motion on September 23, 2016, at which Carl L. Fessenden appeared for defendant Regents, and Stephanie Ross appeared for plaintiff. ECF No. 18. The parties filed supplemental briefing on September 30, 2016, after which the matter was submitted. For the following reasons, the court GRANTS the Regents' motion to dismiss.

1

I. <u>FACTUAL ALLEGATIONS</u>

Plaintiff was born deaf.  Compl. ¶¶ 7, 8, ECF No. 1.  Although plaintiff has a cochlear implant and can read lips, plaintiff needs an American Sign Language (ASL) interpreter to understand and discuss complex matters such as medical diagnoses and symptoms.  *Id*.  On May 27, 2015, plaintiff had surgery at the University of California, Davis ("U.C. Davis") Department of Otolaryngology.  *Id.* ¶ 17.  Plaintiff requested an ASL interpreter for the day of her scheduled surgery, and followed up several times to ensure one would be present.  *Id*.  On the day of surgery, however, plaintiff alleges the hospital did not provide her an ASL interpreter at several crucial points, despite her repeated requests for one.  *Id*.  Instead, hospital staff asked plaintiff to read their lips or communicate through plaintiff's mother.  *Id*. ¶¶ 21–24.  As a result, plaintiff alleges she "remained confused and unsure about the events happening around her."  *Id. ¶* 24.  Specifically, plaintiff alleges she could not properly communicate her "symptoms and medical condition," or properly communicate "during treatment, testing, and physician's examinations."  *Id.* ¶ 25.   Plaintiff also alleges she could not understand her "diagnosis, prognosis, and recommendation for treatment," nor give proper "informed consent for treatment."  *Id.*

II. <u>PROCEDURAL HISTORY</u>

On June 21, 2016, plaintiff filed suit against the U.C. Regents; U.C. Davis; the U.C. Davis Plastic and Reconstructive Surgery Center; the U.C. Davis Health System Department of Otolaryngology, and the Greater Sacramento Otolaryngology Society ("the Society").  On October 13, 2016, plaintiff voluntarily dismissed the Society from the litigation.  Not. of Vol. Dismissal, ECF No. 25.  Plaintiff claims violations of:

1. The Americans with Disabilities Act of 1990 ("ADA"), specifically
   a. Denial of public services - Title II,
   b. Denial of "full and equal" enjoyment and use of the hospital - Title III, and
   c. Failure to provide auxiliary aids and services - Title III;

1  　　　　2.　Section 504 of the Rehabilitation Act of 1973;

2  　　　　3.　The Unruh Civil Rights Act (California Civil Code § 51); and

3  　　　　4.　California's Disabled Persons Act ("CDPA") (California Civil Code § 54).

ECF No. 1 at 1.  On August 15, 2016, the Regents filed the instant motion to dismiss.  ECF No. 13.  On September 8, 2016, plaintiff opposed.  ECF No. 14.  On September 16, 2016, the Regents replied.  Reply, ECF No. 17.  After the September 23, 2016 hearing on the motion, the court gave the parties a week to file supplemental briefing on the issue of whether the court should treat the U.C. Davis Medical Center as a separate entity from the Regents, due to the Medical Center's particularized functions distinct from those of a university generally.  Both parties have briefed the question.  Defs.' Supp., ECF No. 21; Pl.'s Supp. ECF No. 22.

III.　LEGAL STANDARD

　　　　Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

　　　　Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, the court must construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

IV. DISCUSSION

The Regents move to dismiss several of plaintiff's claims under Rule 12(b)(6). First, the Regents move to dismiss all of plaintiff's claims against U.C. Davis, the U.C. Davis Plastic and Reconstructive Surgery Center, and the U.C. Davis Health System Department of Otolaryngology, on the grounds that the University and its related departments and centers all are subsumed within the Regents and are not independent legal entities. ECF No. 13 at 3. Second, the Regents argue the court should dismiss plaintiff's claims under Section III of the ADA because Section III applies only to private entities, and the Regents is a public entity. *Id.* at 4. Lastly, the Regents contend it is entitled to sovereign immunity from plaintiff's claims under the Unruh Act and CDPA. *Id.* at 5–8. The court addresses each of the Regents' arguments in turn below.

A. The Regents Are the Only Proper Defendant in This Case

As noted, the Regents claim to be the only proper defendant in this lawsuit, and argue plaintiff's claims against U.C. Davis, the U.C. Davis Plastic and Reconstructive Surgery Center, and the U.C. Davis Health System Department of Otolaryngology should be dismissed because these U.C. defendants are subsumed within the Regents and are not independent legal entities. *Id.* at 3. To support this argument, the Regents cite Article IX of the California Constitution. *Id.* Article IX provides, in pertinent part, "[the Regents of the University of California] also have all the powers necessary or convenient for the effective administration of its trust, including the power to sue and to be sued." Article IX, § 9 (f). Plaintiff acknowledges this text in her opposition, but argues that absent an express declaration that hospitals and departments

4

operating under the umbrella of the Regents are not separate legal entities, dismissal is not appropriate. ECF No. 14 at 3. At hearing plaintiff further argued, without citation to authority, that the U.C. Davis Medical Center has a separate and distinct function from the University, and the court should therefore treat the hospital as a separate entity.

The court finds the Regents are in fact the only proper defendant. Section 367 of the California Code of Civil Procedure requires all actions to be prosecuted in the name of the "real party in interest, except as otherwise provided by statute." Cal. Civ. Proc. Code § 367. Article IX of the California Constitution indicates the real party in interest in all suits against components of the U.C. system is the Regents. Article IX, § 9 (f). Plaintiff acknowledges no Ninth Circuit authority supports her argument that the distinct functions or leadership of the U.C. Davis Medical Center renders it a separate legal entity from the Regents. ECF No. 22 at 2. The Regents provide persuasive authority to the contrary. ECF No. 21 at 2; *see Daniel v. American Bd. Of Emergency Medicine*, 988 F. Supp. 127, 167 (E.D.N.Y. 1997) ("[t]he medical centers of the various universities of California are not independent legal entities, rather, they are physical extensions of the Regents existing under the Regents' sole aegis.") (citing *Lujan v. Regents of the University of California*, 69 F.3d 1511 (10th Cir. 1995)); *Selman v. Harvard Medical School*, 494 F. Supp. 603, 614, 616 (S.D.N.Y. 1980), *aff'd*, 636 F.2d 1204 (2d Cir. 1980) (U.C. Medical Schools are part of the Regents and as a result are entitled to Eleventh Amendment immunity).

The court finds the only properly named defendant in this action is the Regents. Accordingly, the court GRANTS the Regents' motion to dismiss all claims against U.C. Davis, the U.C. Davis Plastic and Reconstructive Surgery Center, and the U.C. Davis Health System Department of Otolaryngology, with prejudice.

    B. <u>Plaintiff's Claims Under Title III of the ADA Fail as a Matter of Law Because Title III Applies to Private Entities and the Regents are a Public Entity</u>

The Regents argue for dismissal of all claims based on Title III of the ADA, because Title III applies only to private entities and the Regents is a public entity. ECF No. 13 at 4 (citing Cal. Gov't Code § 811.2). Congress enacted the ADA "to provide a clear and

comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).  Title II of the ADA requires public entities to make their services accessible to people with disabilities.  Title III of the ADA requires private entities that operate a place of public accommodation to make their services available to persons with disabilities.  42 U.S.C. § 12182(a).  Thus, Title II of the ADA provides a platform for litigating ADA claims against public entities, as does Title III for litigating ADA claims against private entities.

Here, plaintiff's first claim alleges that by denying her the use of an interpreter before and after her surgery, the U.C. Davis hospital, and by extension the Regents, committed multiple ADA violations.  *See* ECF No. 1 at 6–7.  Plaintiff cites both Title II and III to support her claims.  *Id.*  Plaintiff cites Title II specifically to support her claim that the Regents denied her use of a public service, and cites Title III to support her claim that the Regents denied her "full and equal" enjoyment and use of the hospital, and failed to provide her with auxiliary aids and services.  *Id.*  The Regents move to dismiss these latter two claims deriving from Title III.  ECF No. 13 at 3.  At hearing, plaintiff conceded the Regents is a public entity, and conceded Title III does not apply to public entities.  Indeed, the Ninth Circuit has made clear a Title III action cannot, as a matter of law, succeed unless the defendant is a private entity.  *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 869 (9th Cir. 2004) (affirming district court's determination that defendant University System cannot be sued under Title III of the ADA because defendant is a public entity).

Accordingly, the court GRANTS the Regents' motion to dismiss plaintiff's Title III claim for denial of "full and equal" enjoyment and use of the U.C. Davis hospital, and plaintiffs' Title III claim that alleges the Regents did not provide her auxiliary aids and services.

  C. <u>Plaintiff's Unruh Act and CDPA Claims</u>

The Regents' final argument is that its Eleventh Amendment immunity bars plaintiff's third and fourth claims under state law**.**  ECF No. 13 at 5**.**  The Eleventh Amendment confers sovereign immunity on the states, *Alden v. Maine*, 527 U.S. 706, 712 (1999), and provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in

law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well settled that a state's Eleventh Amendment immunity extends to state instrumentalities as well. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–31 (1997). Plaintiff does not dispute the Regents is an instrumentality of the state of California protected by sovereign immunity. ECF No. 14 at 3. Rather, plaintiff argues California has implicitly waived its sovereign immunity with respect to ADA-related claims under the Unruh Act and CDPA. *Id.* at 4.

Because federal courts are courts of limited rather than general jurisdiction, if a state actor does not consent to suit, it falls on the plaintiff to overcome the presumption against federal jurisdiction and prove the state has waived its sovereign immunity. *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968 (9th Cir. 1981). As the U.S. Supreme Court has explained, the court will generally decide the state waived its sovereign immunity if "the State voluntarily invokes [federal] jurisdiction, or else if the State makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) (internal citation omitted); *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944). "Because a State's decision to waive its immunity must be 'altogether voluntary,' the 'test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *College Sav.*, 527 U.S. at 675 (internal citation omitted). A court will only find a waiver of sovereign immunity where the law at issue expressly declares such a waiver, or where "overwhelming implications from the text… leave no room for any other reasonable construction." *Florida Dep't Health v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (per curiam) (internal quotations omitted); *see also Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (requiring an "unequivocal expression" of consent before finding a waiver of the State's sovereign immunity).

Here, the Regents is entitled to sovereign immunity from plaintiff's claims under the Unruh Act and CDPA, because plaintiff has failed to establish that California waived sovereign immunity under either law. Plaintiff concedes the Regents is an instrumentality of the state for sovereign immunity purposes. ECF No. 14 at 3. The Regents is therefore entitled to

1  invoke sovereign immunity unless plaintiff can show California waived its sovereign immunity
2  from her claims.  Plaintiff has not pointed to a "clear declaration" in the text of the Unruh Act or
3  CDPA of California's intent to waive sovereign immunity under either statute.  Instead, plaintiff
4  claims the California Legislature waived the state's sovereign immunity from claims based on
5  violations of the ADA when it incorporated the ADA into both acts.  *Id.* at 4.  Plaintiff does not,
6  however, cite legal authority for this argument in her brief, nor could she identify any at hearing.

7  Case law contradicts plaintiff's position.  The Ninth Circuit has determined
8  California did not consent to suit in federal court by enacting the Unruh Act.  *See Stanley v. Trs.*
9  *of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006) (upholding dismissal of Unruh Act
10 claims against public university trustees because "[t]he Act does not specifically consent to
11 federal court actions"); *see also T.M. ex rel. Benson v. San Francisco Unified Sch. Dist.*, No. C
12 09-01463, 2010 WL 291828, at *3 (N.D. Cal. 2010).  The Regents cites other cases in which
13 district courts have rejected plaintiff's argument in evaluating claims against other state agencies.
14 ECF No. 13 at 6 (citing *Barker v. Cal. Dep't of Corr. & Rehab.*, 2015 WL 3913546, at *7–8 (E.D.
15 Cal. June 25, 2015); *Hutchinson v. Cal. Dep't Corr. and Rehab.*, U.S. Dist. LEXIS 146376, 2013
16 WL 5569984, at *3 (E.D. Cal. Oct. 9, 2013); *Myers v. Cal. Dep't of Rehab.*, U.S. Dist. LEXIS
17 114674, 2012 WL 3529784, at *3 (E.D. Cal. Aug. 14, 2012); *McColm v. Marin Cnty.*, U.S. Dist.
18 LEXIS 2559, 2002 WL 243627 (N.D. Cal. Feb 14, 2002)).  The court has located no authority to
19 the contrary.

20 Because plaintiff failed to show California clearly intended to waive sovereign
21 immunity for claims under the Unruh Act or CDPA based on ADA violations, this court must
22 find no such waiver.  Accordingly, the court GRANTS the Regents' motion to dismiss plaintiff's
23 claims under the Unruh Act and CDPA, with prejudice, on account of sovereign immunity.

24 V.     CONCLUSION

25 The court GRANTS the Regents' motion to dismiss as follows:
26   1. The court dismisses with prejudice all claims against U.C. Davis, the U.C. Davis Plastic
27      and Reconstructive Surgery Center, and the U.C. Davis Health System Department of
28      Otolaryngology, as each of the other U.C. defendants is subsumed within the Regents.

2. The court dismisses with prejudice the portions of plaintiff's first claim against the Regents that are based on Title III of the ADA.

3. The court dismisses with prejudice plaintiff's third and fourth claims against the Regents for violations of the Unruh Act and CDPA, on account of sovereign immunity.

As a result of this order, the only remaining defendant in this litigation is the Regents, and the only remaining claims in this litigation are: (1) the portion of plaintiff's first claim alleging a denial of public services based on Title II of the ADA, ECF No. 1 ¶¶ 27–31, and (2) plaintiff's second claim based on violations of Section 504 of the Rehabilitation Act, *id.* ¶¶ 6–43.

This order resolves ECF No. 13.

IT IS SO ORDERED.

DATED: November 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

9